# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER B. HOWARD,**

     **Plaintiff,**

**-vs-**            **Case No.  6:07-cv-35-Orl-19DAB**

**OREGON TELEVISION, INC.,**

     **Defendant.**

_____

## ORDER

   This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL RESPONSES TO ITS FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (Doc. No. 25)** |
| **FILED:** | **April 10, 2007** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.  Plaintiff shall respond to Defendant's First Set of Interrogatories and Defendant's First Request for Production **within 11 days of the date of this ORDER**.

   Plaintiff, proceeding *pro se*, is suing Defendant Oregon Television, Inc. for race discrimination

in employment, arising from his termination and disparate performance evaluations that he received.

Defendant served discovery on Plaintiff on February 20, 2007, and responses to it were due on March

26, 2007.  Plaintiff did not timely respond and, according to Defendant's counsel, misrepresented that

he was mailing out responses on April 3, when he did not do so.  Doc. No. 25 at 3.

Plaintiff's response is that he had an abscess that prevented him from answering and required treatment on April 10-13, 2007; he has submitted (unsworn) documentation of the dental treatment. Doc. No. 26 at 5-7. While it is regrettable that Plaintiff had an abscess, it did not surface until a couple of weeks after the discovery responses were due and is not a sufficient excuse for failing to respond. Nor is it an excuse as Plaintiff vaguely alleges that Defendant has not provided him with "answers to certain questions" or that "Defendant would be the one withholding information that is vital to the Plaintiff in supporting his case." Doc. No. 26 at 1-2.

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant is entitled to obtain discovery via interrogatories and requests for production regarding any matter not privileged relevant to its defense of Plaintiffs' claims. FED. R. CIV. P. 26(b)(1), 33, 34. Defendant's First Set of Interrogatories ask Plaintiff to identify: (1) persons with knowledge of relevant facts; (2) all documents in support of his claims; (3) health care providers; (4) other employees with whom he discussed allegations; (5) expert witnesses; (6) the elements of damages claimed; (7) admissions made by Defendant's agents; (8) attempts to obtain employment since his termination; (9) employers for Plaintiff. Doc. No. 25-2 at 1-13.

Defendant's First Request for Production of Documents asks each Plaintiff to produce forty-nine categories of documents, including documents which are: responsive to the Interrogatories or EEOC/FCHR investigation; supporting particular allegations of the Complaint; communications with Defendant; witness statements; supporting injuries; provided to experts; pertaining to unemployment or workers compensation; concerning Plaintiff's mental or physical condition, and a release to obtain such records; concerning employment and efforts to obtain employment; and income tax returns for 2005 and 2006. Doc. No. 25-2 at 14-23. The discovery sought is within the scope of that permitted

by the Federal Rules of Procedure in that it "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Plaintiff shall respond to Defendant's First Set of Interrogatories and Defendant's First Request for Production **within 11 days of the date of this ORDER**. Plaintiff is admonished that **failure to comply with this Order may result in imposition of sanctions that could include dismissal of this action**. Defendant may be allowed additional time to conduct discovery if necessary based on the responses provided, upon motion to the Court, after Plaintiff's responses are received.

| MOTION: | **PLAINTIFF'S REQUEST [MOTION] TO ADD PARTIES (Doc. No. 26)** |
|---|---|
| FILED: | **April 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks to add three organizations, UTV of Orlando, Inc., Fox Television Stations, Inc., and News America Inc., which he contends are subsidiaries (along with Defendant) of News America, Inc. He argues for their addition to the case to "cut out any suspected legal loopholes that the Defense may use if they are not directly associated with this case." Doc. No. 26 at 3. Defendant opposes the addition, arguing that the charge to the EEOC did not include any of these entities and Defendant Oregon Television, Inc. was Plaintiff's sole employer. As Defendant correctly argues, the fact that these other companies are merely associated with Defendant – without any additional evidence that they were actually Plaintiff's employer – is insufficient reason to allow the addition of these parties.

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties